**Sealed**
Public and unofficial staff access to this instrument are prohibited by court order.

United States District Court
Southern District of Texas
**FILED**

SEP  4 2018

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Vs. | § | CRIMINAL NO. **B-18-673** |
| MARCO PESQUERA<br>NORMA LINDA VEGA<br>SAUL ATKINSON<br>GWENDOLYN SALDIVAR | §<br><br>§ | |

# INDICTMENT

THE GRAND JURY CHARGES:

## COUNT ONE

At all times material to this indictment:

### A. Introduction

<u>1.</u> The Immigration and Nationality Act (INA), enacted by Congress, provided a process for an employer to bring a foreign national into the United States for employment, on a temporary basis, as a non-agricultural worker.

<u>2.</u> In order to hire a foreign worker a prospective employer must first obtain an H-2B visa for each foreign worker. The first step in obtaining an H-2B visa is to petition the Department of Labor (DOL) for Temporary Employment Certification by filing an Application for Temporary Employment Certification, Form 9142B. DOL will certify the application if the work is temporary, qualified United States workers are insufficient in number, and employment of foreign workers will not adversely affect the wages and working conditions of U.S. workers. After the Form 9142B is certified, the prospective employer may then file a Petition for Nonimmigrant

Worker, Form I-129 with the Department of Homeland Security, United States Citizenship and Immigration Services (USCIS). The prospective employer must inform USCIS the location of employment, job description and wages.

3. The prospective employer is required to provide truthful information in the Forms 9142B and I-129, which require signature under penalty of perjury.

4. Defendant, **MARCO PESQUERA (PESQUERA)**, is the President and controls Pangea Enterprises, Inc. Pangea Enterprises is a company with offices in Brownsville and Houston, Texas. **PESQUERA** is a resident of the Southern District of Texas.

5. Defendant, **SAUL ATKINSON (ATKINSON)**, is the sole member of Mohawk Construction LLC and President of Axis Industries Inc. **ATKINSON** is a resident of the Southern District of Texas.

6. Defendant, **NORMA LINDA VEGA (VEGA)**, is the principal of Data Processing Specialists Inc. and an employee of Pangea Enterprises, Inc. **VEGA** is a resident of the Southern District of Texas.

7. Defendant, **GWENDOLYN SALDIVAR (SALDIVAR)**, is the President of S&D Drywall And Construction Inc. **SALDIVAR** is a resident of Snellville, Georgia.

### B. THE CONSPIRACY

8. Beginning on or about August 1, 2011, and continuing through on or about January 1 of 2018, **PESQUERA, VEGA, ATKINSON,** and **SALDIVAR,** knowingly and willfully conspired, confederated and agreed with others known and unknown to the grand jury, to commit the offense of visa fraud in violation of 18 U.S.C. Section 1546(a).

## C. THE MANNER AND MEANS OF THE CONSPIRACY

**9.** It was the manner and means of the conspiracy that **PESQUERA** would recruit individuals to petition the United States for H-2B visa workers they did not need. Once the foreign workers were in the United States, **PESQUERA** would provide the workers to industries as contract labor paying the workers an hourly wage much less than the contract price. **VEGA** would correspond with the DOL and USCIS submitting Forms 9142B and I-129 on behalf of individuals recruited by **PESQUERA**. **ATKINSON** and **SALDIVAR,** recruited and paid by **PESQUERA,** falsely represented themselves as business owners in need of H-2B workers and attested to the accuracy of Forms 9142B and I-129.

**10.** **SALDIVAR, ATKINSON** and **PESQUERA** attested to information contained in Forms 9142B and I-129 knowing the forms provided false information.

**11.** **PESQUERA, VEGA, ATKINSON** and **SALDIVAR** created and provided the DOL and USCIS with fraudulent documents including, payroll reports, contracts and tax records to create the false impression that the petitioning company existed and was in need of foreign workers.

**12.** **PESQUERA** and **ATKINSON,** opened checking accounts in the name of businesses seeking H-2B visas for foreign workers to create the appearance foreign workers were employed and payed by the business requesting foreign workers.

## D. OVERT ACTS

**13** In furtherance of the conspiracy, Defendants and their co-conspirators knowingly performed overt acts in the Southern District of Texas and elsewhere. These acts include but are not limited to the following:

a. On or about August 30, 2011, **PESQUERA** executed Articles of Incorporation for "Pangea Enterprises, Inc" with a registered office of 3159 Calle Maravillosa, Brownsville,TX.

b. On or about December 11, 2015, **SALDIVAR, VEGA** and **PESQUERA** submitted or caused to be submitted to USCIS a Form I-129 requesting H-2B visas for 48 temporary workers on behalf of S&D Drywall and Construction Inc.

c. On or about October 27, 2015, **SALDIVAR, VEGA** and **PESQUERA** submitted or caused to be submitted to USCIS, fraudulent; monthly payroll reports, master service agreement and quarterly Federal Tax returns regarding S&D Drywall and Construction Inc.

d. On or about October 6, 2015, **SALDIVAR, VEGA** and **PESQUERA** submitted or caused to be submitted a Form 9142B to the U.S.D.O.L requesting 48 construction laborers on behalf of S&D Drywall and Construction Inc.

e. On or about February 24, 2014, **ATKINSON, VEGA** and **PESQUERA** submitted or caused to be submitted a Form 9142B to the USDOL requesting 62 Layer Helpers on behalf of Axis Industries Inc.

f. On or about April 14, 2014, **ATKINSON, VEGA** and **PESQUERA** submitted or caused to be submitted to USDOL, a fraudulent payroll report and fraudulent Master Service Agreement regarding Axis Industries Inc.

g. On or about April 29, 2014, **ATKINSON, VEGA** and **PESQUERA** submitted or caused to be submitted to USCIS a Form I-129 requesting H-2B visas for 62 temporary workers on behalf of Axis Industries Inc.

h. On or about February 24, 2014, **ATKINSON, VEGA** and **PESQUERA** submitted

or caused to be submitted a Form 9142B to the USDOL requesting 43 Layout Workers on behalf of Mohawk Construction, LLC.

i. On or about April 28, 2014, **ATKINSON, VEGA** and **PESQUERA** submitted or caused to be submitted to USDOL, a fraudulent payroll report and fraudulent Master Service Agreement regarding Mohawk Construction LLC.

j. On or about May 8, 2014, **ATKINSON, VEGA** and **PESQUERA** submitted or caused to be submitted to USCIS a Form I-129 requesting H-2B visas for 43 temporary workers on behalf of Mohawk Construction LLC.

k. On or about March 14, 2014, **VEGA** and **PESQUERA** submitted or caused to be submitted a Form 9142B to the USDOL requesting 45 Layer Helpers on behalf of Giannico Corp.

l. On or about April 23, 2014, **VEGA** and **PESQUERA** submitted or caused to be submitted to USDOL, a fraudulent payroll report and fraudulent Mutual Non-Disclosure Agreement regarding Giannico Corp.

m. On or about May 1, 2014, **VEGA** and **PESQUERA** submitted or caused to be submitted to USCIS a Form I-129 requesting H-2B visas for 45 temporary workers on behalf of Giannico Corp.

n. On or about January 21, 2014, **VEGA** and **PESQUERA** submitted or caused to be submitted a Form 9142B to the USDOL requesting 54 Sheet Metal Craftsman on behalf of Gallo Group Inc.

o. On or about April 23, 2014, **VEGA** and **PESQUERA** submitted or caused to be submitted to USDOL, a fraudulent payroll report, a fraudulent Service Agreement and fraudulent IRS Forms 941 regarding Gallo Group Inc.

p. On or about January 21, 2015, **VEGA** and **PESQUERA** submitted or caused to be submitted to USCIS a Form I-129 requesting H-2B visas for 54 temporary workers on behalf of Gallo Group Inc.

q. On or about August 31, 2011, **PESQUERA** established himself as a signer to a business account in the name of "Pangea Enterprises,Inc", with a business address of 3159 Calle Maravillosa, Brownsville,TX.

r. On or about June 4, 2014, **PESQUERA** established himself as a signer to a business bank account in the name of "Blue Point Solutions", at JP Morgan Chase Bank, NA, (account number xxxx6097).

s. On or about July 16, 2014, **PESQUERA** established himself as a signer to a business bank account in the name of "Axis Industries, Inc", at JP Morgan Chase Bank, NA, (account number xxxx5261).

t. On or about August 30, 2014, **PESQUERA** established himself as a signer to a business bank account in the name of "Giannico Corp", at JP Morgan Chase Bank, NA, (account number xxxx3597).

u. On or about February 12, 2015, **PESQUERA** established himself as a signer to a business bank account in the name of "Herso Services, Inc", at JP Morgan Chase Bank, NA, (account number xxxx9875).

v. On or about November 12, 2015, **PESQUERA** established himself as a signer to a business bank account in the name of "Neri's Drywall, Inc.", at JP Morgan Chase Bank, NA, (account number xxxx0811).

w. On or about March 10, 2016, **PESQUERA** and **ATKINSON** engaged in a meeting at a residence located at 3159 Calle Maravillosa in Brownsville, Texas, where

PESQUERA instructed ATKINSON on how to mislead federal agents investigating visa applications regarding Mohawk Construction LLC and Axis Industries Inc.

In violation of Title 18, United States Code, Sections 371, 1546(a) and 2.

## COUNT TWO

On or about December 14, 2015, in the Southern District of Texas and within the jurisdiction of the Court, Defendants,

**GWENDOLYN SALDIVAR,**
**MARCO PESQUERA and**
**NORMA LINDA VEGA**

did knowingly subscribe as true, under penalty of perjury pursuant to 28 U.S.C. § 1746, a false statement with respect to a material fact in a Form I-129, Petition for a Nonimmigrant Worker, that is, defendants asserted that S&D Drywall and Construction Inc. needed 55 temporary laborers to perform work in Gwinnett and Cobb County, Georgia, a statement defendants knew to be false, when in truth S&D Drywall and Construction Inc. did not have or anticipate a need for 55 temporary workers in Gwinett and Cobb County, Georgia.

In violation of Title 18, United States Code, Section 1546(a) and 2.

## COUNT THREE

On or about January 15, 2015, in the Southern District of Texas and within the jurisdiction of the Court, Defendants,

**SAUL ATKINSON,**
**MARCO PESQUERA and**
**NORMA LINDA VEGA**

did knowingly subscribe as true, under penalty of perjury pursuant to 28 U.S.C. § 1746,

a false statement with respect to a material fact in a Form I-129, Petition for a Nonimmigrant Worker, that is, defendants asserted that Mohawk Construction, LLC needed 61 temporary laborers to perform work near Denver Colorado, a statement defendants knew to be false, when in truth Mohawk Construction, LLC did not have or anticipate a need for any workers near Denver, Colorado.

In violation of Title 18, United States Code, Section 1546(a) and 2.

## COUNT FOUR

On or about April 11, 2014, in the Southern District of Texas and within the jurisdiction of the Court, Defendants,

**MARCO PESQUERA and**
**NORMA LINDA VEGA**

did knowingly subscribe as true, under penalty of perjury pursuant to 28 U.S.C. § 1746, a false statement with respect to a material fact in a Form I-129, Petition for a Nonimmigrant Worker, that is, defendants indicated that Gallo Group, Inc. needed 54 sheet metal craftsmen to perform work near Houston, Texas, which statement the defendants knew to be false, when in truth Gallo Group, Inc. did not have or anticipate a need for any workers near Houston, Texas.

In violation of Title 18, United States Code, Section 1546(a) and 2.

## COUNT FIVE

On or about the June 26, 2015, in the Southern District of Texas, the defendant,

**MARCO PESQUERA,**

did corruptly influence, obstruct and impede or endeavor to influence, obstruct and impede the due administration of justice by creating and backdating a fraudulent "Subcontractor Service Agreement" that purports to have been entered on July 31, 2014

between Pangea Enterprises Inc. and Giannico Corp., a document that defendant knew was requested by and would be provided to the Grand Jury in the Southern District of Texas in connection with a federal investigation of Giannico Corp.

In violation of Title 18, United States Code, Section 1503 and 2.

## COUNT SIX

On or about December 29, 2015, in the Southern District of Texas, defendant,

**MARCO PESQUERA,**

knowingly made a false statement and report for the purpose of influencing the action of Coastal Commerce Bank, a federally insured bank, in connection with a loan and line of credit, in that defendant represented loans to "Axis" and "Mohawk" as current assets for Pangea Enterprises, Inc. on a Balance sheet dated December 29, 2015, when in truth and in fact, as the defendant well knew "Axis" and "Mohawk" were not legitimate entities but shell companies created to fraudulently petition for H2B visas on behalf of Pangea Enterprises, Inc.

In violation of Title 18, United States Code, Section 1014

## NOTICE OF CRIMINAL FORFEITURE
(18 U.S.C. § 982(a)(6)

Pursuant to Title 18, United States Code, Section 982(a)(6), as a result of the commission of a violation of Title 18, United States Code, Section 1546, as charged in Counts One through Four of this indictment, notice is given to the defendants,

**MARCO PESQUERA,**
**SAUL ATKINSON,**
**NORMA LINDA VEGA,**
**and**
**GWENDOLYN SALDIVAR,**

that the following property is subject to forfeiture:

9

1. all real and personal property that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense; and

2. all real and personal property that is used to facilitate, or is intended to be used to facilitate, the commission of the offense.

### PROPERTY SUBJECT TO FORFEITURE:

The property subject to forfeiture includes, but is not limited to, the following:

1. The real property located at 3159 Calle Maravillosa, Brownsville, Texas, together with all improvements, buildings, structures and appurtenances, and legally described as follows:

    > LOT 6, BLOCK 1, FOX HOLLOW SUBDIVISION, ACCORDING TO THE MAP RECORDED IN CABINET 1, PAGES 1692-B AND 1693-A OF THE MAP RECORDS OF CAMERON COUNTY, TEXAS, AS AMENDED IN CABINET 1, PAGES 1749- A AND 1749-B OF THE MAP RECORDS OF CAMERON COUNTY, TEXAS.

2. The real property located at 5817 Fordham Street, Houston, Texas, together with all improvements, buildings, structures and appurtenances, and legally described as follows:

    > LOT 5, BLOCK 4, OF PRESTON PLACE, A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 572, PAGE 318, OF THE DEED RECORDS OF HARRIS COUNTY, TEXAS.

### MONEY JUDGMENT/SUBSTITUTE ASSETS

In the event that a condition listed in Title 21, United States Code, Section 853(p) exists, the United States will seek to forfeit any other property of the defendants in substitution up to the total value of the property subject to forfeiture. The United States may seek the

imposition of a money judgment.

A TRUE BILL:

_____
FOREPERSON OF THE GRAND JURY

RYAN K. PATRICK
UNITED STATES ATTORNEY

_____
WILLIAM HAGEN
Assistant United States Attorney